PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **HOPE CAMPBELL, ET AL., ETC.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:05CV00096 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ETHEX CORPORATION, ET AL.,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

*Eunice P. Austin, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, for Plaintiffs; Jill D. Jacobson, Moran Kiker Brown PC, Richmond, Virginia, for Defendants.*

In this products liability case brought under Virginia substantive law, the defendants have moved to dismiss on the ground that the complaint does not allege that notice of the defect in the product was given to the seller. Because I hold that a motion to dismiss is not the proper method of raising this issue, I have orally denied the motion and this opinion more fully explicates my reasons.

The plaintiffs are the co-administrators of the estate of Bertie Helen Dye, deceased. They allege in their Complaint that the deceased suffered a malignant tumor on her thigh which was surgically removed. She then developed a wound inflection and used Ethezyme 830, a prescription wound healing ointment

manufactured and sold by the defendants, Ethex Corporation and K-V Pharmaceutical Company.[1] It is alleged that this ointment eroded the patient's popliteal artery, causing her death. The Complaint seeks recovery against the defendants on the grounds of negligence (Count I), breach of warranty (Count II), and fraud (Count III).[2]

The defendants have moved to dismiss the breach of warranty count on the ground that it does not state a claim upon which relief can be granted because the plaintiffs do not expressly allege that they provided notice of the breach to the defendants pursuant to a provision of the Virginia Uniform Commercial Code. The Virginia statute in question provides that

> Where a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy. . . .

Va. Code Ann. § 8.2-607(3)(a) (Michie 2001). The defendants contend that the plaintiffs have failed to allege compliance with this notice provision and thus their

---

[1] The Complaint alleges that the decedent's physician actually prescribed Accuzyme, but a pharmacist filled the prescription with Ethezyme 830, a generic version of the drug. The plaintiffs first sued the manufacturer of Accuzyme, but voluntarily dismissed that case and filed the present one against different manufacturers. Counsel for the defendants in this case asserted in oral argument that the first notice that the present defendants received of this claim was the service of the suit papers.

[2] Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2005).

Complaint is defective and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Whether reasonable notice of breach under the Uniform Commercial Code was given by a buyer of goods is ordinarily a question of fact. *See Begley v. Jeep Corp.*, 491 F. Supp. 63, 65 (W.D. Va. 1980) (applying Virginia law).[3] While the defendants argue that the plaintiffs or their decedent were required to give reasonable notice of the alleged defect and that the plaintiffs cannot prove such notice, these are matters that cannot be determined on a motion to dismiss.[4]

In federal pleading, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritiorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). The

---

[3] In their brief, the defendants cite *Begley* for the proposition that "[a] plaintiff must <u>allege</u> and prove that he gave notice 'within a reasonable time.'" (Defs.' Mem. of Law Supp. Mot. to Dismiss 4 (emphasis added).) The *Begley* case held no such thing—it was decided on a motion for summary judgment and there was no suggestion in the opinion regarding the necessary allegations of a complaint.

[4] The plaintiffs contend that even if notice was not given by the decedent, the plaintiffs' claim is not barred. *See Cole v. Keller Indus., Inc.*, 132 F.3d 1044, 1047 (4th Cir. 1998) (holding that under Virginia law, a non-purchaser in a personal injury suit on a warranty need not comply with the notice provision). The defendants respond that the plaintiffs stand in the shoes of their decedent and cannot recover if she could not.

- 3 -

Case 1:05-cv-00096-JPJ-PMS   Document 23   Filed 02/07/06   Page 3 of 5   Pageid#: 85

court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Thus, the purpose of the complaint under the federal rules is simply to give fair notice to the opposing party of the plaintiff's claim. I find no reason or authority that would require the plaintiff to include a notice allegation in a breach of warranty complaint, even assuming that notice was required under the circumstances of the case. *See Dudley v. Bus. Express, Inc.*, 882 F. Supp. 199, 211 (D.N.H. 1994) (denying motion to dismiss breach of warranty claims based on lack of or insufficient notice because factual issues existed).[5]

As noted by one court:

Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment.

*Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). The defendants here are free to move at the appropriate time for summary judgment on the notice issue, which will

---

[5] Even Virginia courts, operating under a much stricter pleading regime, have divided on whether notice of breach must be pleaded by the plaintiff in a state case. *Compare Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47, 53 (Va. Cir. Ct. 2002) (notice must be pleaded), *with Providence Village Townhouse Condo. Ass'n v. Amurcon-Loudon Corp.*, 33 Va. Cir. 165, 173 (Va. Cir. Ct. 1994) (notice need not be pleaded).

- 4 -

Case 1:05-cv-00096-JPJ-PMS   Document 23   Filed 02/07/06   Page 4 of 5   Pageid#: 86

allow the court an opportunity to determine the legal issues in the context of any undisputed facts.

>	DATED: February 7, 2006
>
>	/s/ JAMES P. JONES
>	Chief United States District Judge