# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **HOPE CAMPBELL, ET AL., ETC.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:05CV00096 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ETHEX CORPORATION, ET AL.,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

*S.D. Roberts Moore, Charles H. Smith, III, and Eunice P. Austin, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, and Thomas R. Scott, Jr., Street Law Firm, LLP, Grundy, Virginia, for Plaintiffs; Jill D. Jacobson and Jason D. Rosenberg, Moran Kiker Brown PC, Richmond, Virginia, for Defendants.*

The question in this products liability case is whether the parties' request that the settlement documents be sealed from public disclosure should be granted. After balancing the relevant factors, I find that the presumption against sealing has been overcome.

The plaintiffs are the co-administrators of the estate of Bertie Helen Dye, deceased. They alleged in their Complaint that the deceased suffered a malignant tumor on her thigh which was surgically removed. She then developed a wound inflection and used Ethezyme 830, a prescription wound healing ointment manufactured and sold by the defendants, ETHEX Corporation and K-V Pharmaceutical Company. It is alleged that this ointment eroded the patient's

popliteal artery, causing her death.  The plaintiffs sought recovery of damages based on alleged negligence, breach of warranty, and fraud.  The subject matter jurisdiction of this court rests on diversity of citizenship and amount in controversy.[1]

Following discovery and prior to trial, the parties agreed to a settlement of the case.  Because the action asserts a claim for wrongful death, the parties sought court approval of the settlement, as required by state law.[2]  After a hearing, I approved the terms of the settlement, but orally denied the joint request of the parties that the petition for approval of the settlement and the order approving the settlement be sealed from public disclosure.[3]  The defendants promptly moved for reconsideration, and at their request, I ordered the documents temporarily sealed pending my determination of the motion for reconsideration.  For the following reasons, I will grant the motion for reconsideration and direct that the settlement documents be sealed.

There is a presumption against sealing judicial records.  As explained by the Fourth Circuit:

---

[1]  *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2006).

[2]  *See* Va. Code Ann. § 8.01-55 (Michie 2000).

[3]  While the parties agreed among themselves that the terms of the settlement would be confidential, the settlement was not conditioned upon the court's sealing the settlement documents.

- 2 -

> This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access, and the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. . . . Ultimately, under the common law the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's supervisory power, and it is one best left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.[4]

An officer of one of the defendants has filed an affidavit in support of the motion for reconsideration, contending that public disclosure of the details of the settlement would allow a competing pharmaceutical company an unfair business advantage by creating doubts as to the safety of the medical product at issue in this case.[5]

I find the affidavit to be sufficiently detailed to support the assertion that the defendants may be harmed by disclosure of the settlement documents. Moreover, these documents themselves contain little information that would be of benefit to the public generally. There is no information there, for example, that might alert the

---

[4] *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotations and alterations omitted).

[5] The competitor, Heathpoint, manufactures a debriding product called Accuzyme. It is alleged in this case that the decedent's physician actually prescribed Accuzyme, but a pharmacist filled the prescription with Ethezyme 830. The plaintiffs first sued Heathpoint, but voluntarily dismissed that case and filed against the present defendants when the true facts were learned.

public to possible medical safety issues not already contained in the public documents in the case.[6]

This court has no rule that forbids sealing of settlement documents, although its rules do require that a party must show why sealing is necessary and why any alternatives to sealing are inadequate.[7] While there is no party or nonparty who has objected to the sealing here, the court has an independent obligation to determine the appropriateness of sealing in any case, and the parties cannot assume that a motion to seal settlement documents will be routinely granted. In the present case, however, I find that the request for sealing should be granted.

For the reasons stated, it is **ORDERED** that the Motion to Reconsider [72] is GRANTED; the prior Order denying the Motion to Seal is VACATED; and the Motion to Seal [59] is GRANTED. The clerk is directed to continue to seal the Joint Petition for Approval of Confidential Compromise Settlement [65] and the Order Approving Confidential Compromise Settlement [70].

---

[6] *See* Andrew D. Goldstein, *Sealing and Revealing: Rethinking the Rules Governing Public Access to Information Generated Through Litigation*, 81 Chi-Kent L. Rev. 375, 405-06 (2006) (noting that the public interest in litigation information does not necessarily extend to settlement agreements that typically only contain dollar figures that may be unrelated to the merits of the case).

[7] *See* W. D. Va. Standing Order 2005-3, ¶ (c) (Mar. 14, 2005).

ENTER: December 11, 2006

/s/ JAMES P. JONES
Chief United States District Judge

Case 1:05-cv-00096-JPJ-PMS   Document 75   Filed 12/11/06   Page 5 of 5   Pageid#: 634